**UPPER PECOS ASSOCIATION, a New Mexico non-profit corporation, Individually and on behalf of its members, Plaintiff-Appellant,**

v.

**Maurice H. STANS, Individually and as Secretary of Commerce of the United States, et al., Defendants-Appellees.**

**No. 71–1411.**

United States Court of Appeals, Tenth Circuit.

July 16, 1974.

**18**

See also 409 U.S. 1021, 93 S.Ct. 458, 34 L.Ed.2d 313.

James B. Alley, Jr., Santa Fe., N. M., for plaintiff-appellant.

Wallace H. Johnson, Asst. Atty. Gen., George R. Hyde and Peter R. Steenland, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before PHILLIPS, MURRAH and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant is a New Mexico nonprofit corporation dedicated to preserving and improving the quality of environment in the Upper Pecos River Valley. Appellees are officers of the United States Department of Commerce who made a grant offer to the San Miguel Board of County Commissioners for construction of the Elk Mountain Road project. The issue for our consideration is whether the trial court erred in dismissing appellant's case for mootness.

On October 21, 1970, the Economic Development Administration (EDA) of

the Department of Commerce offered the San Miguel Board of County Commissioners (Board) a grant of nearly four million dollars for the construction and surfacing of 33.3 miles of roadway through a remote area of the Santa Fe Forest in New Mexico. This grant would pay 80 percent of the project's total cost. EDA did not prepare a draft or final impact statement before making the grant offer. In January, 1971, appellant brought this action claiming that EDA had violated the National Environmental Policy Act of 1964, 42 U.S.C. § 4321 et seq. (NEPA), by failing to prepare an environmental impact statement before making the grant offer.

In February, 1971, the United States Forest Service, the agency exercising control over all public lands involved in the project, filed a draft impact statement. Four months later, on June 25, 1971, the Forest Service filed its final impact statement on the project.

At the trial's conclusion the Forest Service was found to be the "lead agency" and thus the proper agency to prepare an impact statement under NEPA. Upper Pecos Ass'n v. Stans, 328 F.Supp. 332 (D.N.Mex.1971). We affirmed this decision at 452 F.2d 1233 (10th Cir. 1971). Subsequently appellants petitioned for a writ of certiorari to the United States Supreme Court, which petition was granted May 22, 1972.

After certiorari was granted EDA filed a draft environmental impact statement on the Elk Mountain Road project with the Council on Environmental Quality. This draft was circulated to appropriate agencies and organizations. The government then filed with the Supreme Court a Memorandum for Respondents Suggesting Mootness since EDA had chosen to prepare an environmental impact statement and had frozen all funds for the project until EDA thoroughly evaluated all aspects of the project in compliance with NEPA. The Supreme Court thereafter remanded the case to the Tenth Circuit to determine "whether [this] case has become moot." Upper Pecos Ass'n v. Peterson et al., 409

U.S. 1021, 93 S.Ct. 458, 34 L.Ed.2d 313 (1972). The Tenth Circuit in turn remanded it to the trial court "for the limited purpose of having it determine the issue of mootness."

On remand to the trial court appellant argued that actions taken by EDA subsequent to the grant offer do not make the case moot, and also that appellees did not follow the procedural requirements of NEPA before making the grant and therefore it should be declared illegal. Thus a case or controversy still exists.

Appellant, in explaining why the grant should be declared illegal, suggests that once a grant has been approved the reviewing agencies will be reluctant to change their original decision even if the subsequent environmental impact statement demands such reversal. Therefore the grant should be voided ab initio and the application for the Elk Mountain Road project considered with projects currently competing for available funds.

The trial court rejected appellant's argument and concluded that NEPA does not specifically require voiding ab initio a grant offer made prior to filing an environmental impact statement. We agree.

Consideration of environmental factors should come in the early stages of program and project formulation. If the decision is delayed until the latter stages it "tends to serve as a post facto justification of decisions based on traditional and narrow grounds." CEQ Third Annual Report 246 (Aug. 1972). *See also* Scientists' Inst. for Pub.Inf., Inc. v. Atomic Energy Com'n, 156 U.S. App.D.C. 395, 481 F.2d 1079 (1973); Lathan v. Volpe, 455 F.2d 1111 (9th Cir. 1971); Calvert Cliffs' Coord. Com. v. United States A. E. Com'n, 146 U.S. App.D.C. 33, 449 F.2d 1109 (1971). The question therefore confronting us is whether the Elk Mountain Road project is presently in such a stage of flexibility that consideration of environmental factors will be merely a hollow gesture. We do not think so. To date EDA has disbursed no funds on the grant, nor does it intend to disburse any funds until such time as the grant is reconsidered at every level of EDA in light of the final environmental impact statement. Although unquestionably appellees should have drafted their environmental impact statement prior to making the grant offer, we do not believe the Elk Mountain Road project is so far along that appellees are precluded from objectively reconsidering the project. Appellant offers no evidence suggesting that EDA is irretrievably committed to the project and we find no evidence in the record to substantiate such a conclusion. Under the circumstances of this case we believe EDA has complied with the mandates of NEPA.

Although appellant demands several kinds of relief, it is clear each demand stems from EDA's alleged failure to comply with the procedural requirements of NEPA. Since we believe EDA timely prepared, although belatedly, an environmental impact statement no case or controversy now exists. Hence this case is moot. *See* SEC v. Medical Comm. for Human Rights, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972).